# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-360V
UNPUBLISHED

|  |  |
|---|---|
| SUSAN LEONE, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 13, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On March 11, 2019, Susan Leone filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a SIRVA from a flu vaccination she received on September 12, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent concluded that Petitioner's "alleged injury is consistent

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with SIRVA that was caused by the administration of petitioner's flu vaccine on September 12, 2017. DICP [Division of Injury Compensation Programs] did not identify any other cause for petitioner's SIRVA, the onset of petitioner's SIRVA occurred within the time period set forth on the Table, and based on the medical records outlined above, petitioner meets the statutory requirements by suffering the condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.* at 5. (citations omitted). Respondent further agrees that the "scope of damages to be awarded are limited to petitioner's SIRVA and resulting sequela, and her award should not include damages for any other condition." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master